NOT DESIGNATED FOR PUBLICATION

No. 128,215

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*

v.

TONYA LOUISE SAMMON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Submitted without oral argument. Opinion filed November 14, 2025. Affirmed.

*Dylan J. Pryor*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, deputy district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: In response to a motion to revoke her probation, Tonya Louise Sammon stipulated to testing positive for illegal drugs and did not contest the allegations of new crimes. The district court revoked Sammon's probation and imposed her underlying sentence. Sammon now appeals. Finding no error, we affirm.

1

In 2023, Sammon pleaded guilty to violating her offender registration requirement imposed as the result of an aggravated battery conviction. A conviction for this offense required a presumptive prison sentence. Sammon was sentenced to an underlying prison term of 41 months. At Sammon's request, she was granted a dispositional departure to probation for a term of 24 months.

In February 2024, Sammon's intensive supervision officer (ISO) filed a warrant to revoke Sammon's probation. The warrant indicated that in addition to violations related to her continued drug use, Sammon had committed three new crimes.

At Sammon's probation revocation hearing, the district court recounted the information from the State's warrant about the allegations of drug use and commission of new crimes including making a false writing, simple battery, and "assaultive type behavior." It also noted that Sammon's probation revocation was continued so that Sammon could apply for drug treatment but that she had not been accepted into the program.

Sammon waived her right to an evidentiary hearing and then stipulated to using and possessing illegal drugs while on probation. She then pleaded no contest to the commission of new crimes.

The State joined the recommendations made by Sammon's ISO to revoke her probation and impose the underlying sentence for her case. The State noted that despite receiving probation under a sentencing departure, Sammon had committed multiple new crimes within two months of being placed on probation.

Sammon's counsel asked the district court to show leniency given her drug problem. She asked the district court to impose a 30-day jail sanction with release to an inpatient drug treatment program. Sammon herself also addressed the district court, noting she successfully completed parole for a prior conviction and expressing her belief that she could beat her drug addiction and successfully complete probation as well.

The district court acknowledged this was Sammon's first probation violation. But the district court also noted that she had received a departure sentence and rather than take advantage of that opportunity, she had violated her probation terms with technical violations and by committing new crimes which were "deeply concerning to the Court."

For these reasons, the district court found that Sammon was not amenable to probation and that both Sammon and the public's safety were in jeopardy. In its journal entry revoking Sammon's probation, the district court marked the boxes signaling that intermediate sanctions were not required when the defendant commits a new crime, public safety would be at risk if the defendant is not incarcerated, and the original sentence was the result of a dispositional departure.

Sammon timely appealed.

ANALYSIS

Once a probation violation has been established, the district court's decision to revoke an offender's probation and impose their underlying sentence is discretionary unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Thus, this court reviews a district court's decision for an abuse of discretion. 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party claiming

3

an abuse of discretion carries the burden of demonstrating such abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

On appeal, Sammon contends the district court abused its discretion by revoking her probation and imposing her underlying sentence. She argues the district court should have imposed a jail sanction and its failure to do so was unreasonable. She asks this court to reverse the district court's ruling and remand for imposition of a proper sanction.

Sammon does not argue that the district court legally or factually erred. Instead, she alleges the district court's revocation of her probation was unreasonable. A district court acts unreasonably if no reasonable person would have adopted the same position as the court. *State v. Scheetz*, 318 Kan. 48, 63, 541 P.3d 79 (2024).

Sammon has not met her burden to demonstrate the district court's revocation of her probation was unreasonable. Although the district court could have shown leniency for Sammon to enter drug treatment, it was not required to do so. And such a decision, even if harsh, does not establish that the district court's actions were unreasonable. Sammon was subject to a presumptive prison term, but the district court elected to give her a chance at probation, at which she failed. She not only continued to use illegal drugs but committed new crimes while on probation similar to the crimes that required her to register in the first place. We have no trouble finding that a reasonable person would have adopted the same position as the court. Accordingly, we affirm the district court's decision revoking Sammon's probation and imposing her underlying sentence.

Affirmed.